The appellant, James Wyman Smith, filed an application for rehearing on May 27, 1996. He raises no new issues in this application, and all the issues raised therein were fully addressed and considered by us in our opinion of March 8, 1996, affirming the appellant's conviction and sentence. In considering his application for rehearing, we have reviewed our opinion and our judgment of affirmance and we have considered the appellant's brief filed in support of his application, and we are not persuaded to alter our holding. The application for rehearing is due to be overruled.
The appellant, in his application for rehearing, has expressed dissatisfaction with the statement of facts set out in our opinion, and has moved, pursuant to Ala.R.App.P. 39(k), that we supplement or correct our statement of facts as he suggests or that we adopt the proposed statement of facts included in his application. After reviewing the record and comparing our statement of facts with the evidence set out in the record, we decline to do so. We find the statement of facts in our opinion to be correct. The appellant specifically says that the following portion of our factual rendition is incorrect:
 "The state's evidence showed that on the morning of August 31, 1994, Linda Darlene Talbert, hereinafter referred to as 'the victim,' was abducted at gunpoint by the appellant from her place of employment, Flower's Bait and Tackle Shop, a convenience store in the Smiths Station community of Lee County."
He argues that there was no evidence presented as to what occurred at the convenience store when the victim left the store and that there was no evidence that a gun was involved in the crime. There is no merit to his argument. Marion Sanford Enfinger, testifying for the state, stated that while he and the appellant were incarcerated in the Lee County jail, the appellant told him that he had committed the crime and described in detail how he carried it out. He testified that the appellant told him that "he went inside to buy a soft drink and some cigarettes, that the lady was in the store by herself, that he pulled a gun and told her, 'you're going with me," ' and that he said, "it was the same gun that was involved in the Auburn incident." The appellant's Rule 39(k) motion is due to be denied.
RULE 39(k) MOTION DENIED; APPLICATION FOR REHEARING OVERRULED.
All Judges concur.